UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA TAYLOR,

    Plaintiff,

    v.      CAUSE NO. 3:20-CV-604-DRL-MGG

ELIZEBETH HIX, B GWILLIM, LYNNE FRYE,

    Defendants.

OPINION & ORDER

Joshua Taylor, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court remains ever mindful that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

Mr. Taylor alleges that on November 25, 2017, he fell and hit his head while he was housed at the Miami Correctional Facility (MCF).[1] He was seen by Nurse Elizabeth Hix, who told him to lie down so he could be monitored for a few hours. As he was lying there, he heard Nurse Hix tell another inmate that his medical record showed that he had committed a sex offense, which he claims is untrue. He thought "nothing of it," however, and was later released from the medical unit and returned to his dorm. The following day, another inmate punched him in the face, allegedly because he had heard that Mr. Taylor was a sex offender. This other inmate was an adherent of the same religion as Mr.

---

[1] The complaint reflects that Mr. Taylor is currently housed at Wabash Valley Correctional Facility.

Taylor, and he allegedly found it contrary to their shared religious principles that Mr. Taylor would commit a sex crime. Mr. Taylor claims that he is actually incarcerated for drug offenses, but computer records created when he arrived in prison mistakenly indicated that he had committed a sex offense. He claims that he complained to prison employee Lynne Frye and Director of Nursing B. Gwillim about this computer error, but it took them some months to correct it. He submits copies of grievances showing that a computer programming specialist corrected the error in February 2018. He seeks monetary damages against defendants Hix, Gwillim, and Frye, asserting that they violated his privacy rights under the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d *et seq.*

Mr. Taylor signed his complaint on July 16, 2020, and it was electronically filed with this court on July 20, 2020 (ECF 1 at 1, 8). The underlying events he describes occurred between November 2017 and February 2018. Suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The date on which the claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Here, it is apparent that Mr. Taylor was aware of his injuries, and their cause, immediately as they occurred. Because he tendered his complaint for filing more than two years later, the complaint is untimely. Although the statute of limitations is ordinarily an affirmative defense, where it is clear from the face of the complaint that the action is untimely, dismissal at the pleading stage is appropriate. *See O'Gorman*, 777 F.3d

2

at 889; *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). That is the case here.

Assuming Mr. Taylor could overcome the statute of limitations bar, his allegations do not state a plausible claim for relief. If Nurse Hix disclosed information from Mr. Taylor's medical records, such conduct is certainly unprofessional, but HIPAA does not create a private right of action. See *Dittmann v. ACS Human Servs. LLC*, 210 F. Supp. 3d 1047, 1054 (N.D. Ind. 2016). "Only the Secretary of Health and Human Services or the Attorney General of a state may bring an enforcement action under HIPAA." *Id.* The other two defendants aren't alleged to have disclosed any information; and, at most, they delayed in correcting a computer error. This would not give rise to a constitutional claim.

To the extent he is trying to assert an Eighth Amendment failure-to-protect claim, there is nothing to indicate that defendants Frye and Gwillim should have realized that a computer error in Mr. Taylor's internal records put him at risk of injury, or that they were deliberately indifferent to such a risk. *See Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015). Though Mr. Taylor comes closer to alleging a failure-to-protect claim against Nurse Hix, as she allegedly disclosed this information to another inmate, he does not include any factual content from which it can be plausibly inferred that Nurse Hix acted with deliberate indifference to his safety, rather than negligence or carelessness. *Wells v. Caudill*, ---F.3d---, 2020 WL 4198135, 2 (7th Cir. July 22, 2020) (under the Eighth Amendment "simple error, negligence, or even gross negligence is not enough"). Nor does the court equate her statement to labeling an inmate a "snitch" or making other statements that pose an obvious risk of harm, as many inmates are incarcerated for sex

offenses. *See Glover v. Schraufnagel*, 720 F. App'x 312, 313 (7th Cir. 2018). It appears instead to be simply an unusual series of events that led to Mr. Taylor being punched by the other inmate. Therefore, the court concludes that his allegations do not state a viable constitutional claim against any defendant.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). It appears unlikely that Mr. Taylor can overcome the statute of limitations barrier if given another opportunity to plead his claims, or that he could allege a plausible constitutional claim against any defendant, consistent with the allegations he has already made. However, in the interest of justice, the court will allow him to amend his complaint if, after reviewing this court's order, he believes that he can state a timely, viable claim for relief against these defendants. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **September 4, 2020** to file an amended complaint if he so wishes; and

(2) CAUTIONS him that if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A, because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED.

August 10, 2020                                                             *s/ Damon R. Leichty*
                                                                            Judge, United States District Court